**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**Southern California Painters & Allied Trade District Council No. 36, AFL–CIO (Union), Petitioner—Intervenor,**

v.

**MICHAEL'S PAINTING; Painting L.A., Inc, Respondents.**

No. 02–73730.

NLRB No. 31–CA–23358.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Jan. 14, 2004.

Margaret Ann Gaines, Ruth Burdick, Aileen A. Armstrong, Esq., Office of the General Counsel, Washington, DC, James J. McDermott, Los Angeles, CA, for Petitioner.

Anthony R. Segall, Rothner, Segall & Greenstone, Pasadena, CA, Petitioner–Intervenor.

Howard M. Knee, Knee & Ross, Los Angeles, CA, Herbert Abrams, Law Offices of Lauren Mayo–Abrams, Hollywood, CA, for Respondent.

Before HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

**ORDER***

The National Labor Relations Board ("NLRB") petitions for enforcement of its decision and order holding that the Southern California Painters and Allied Trades, District Council, No. 36, affiliated with International Brotherhood of Painters and Allied Trades, AFL–CIO (collectively "the Union"), was the bargaining agent of the employees of Michael's Painting, Inc. ("Michael's Painting"). We have jurisdiction pursuant to section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), and grant the petition for enforcement.

We reject Michael's Painting's assertion that the NLRB erred in certifying the Union as the bargaining agent of the employees because a majority of the employees did not vote in favor of the Union. The administrative law judge concluded that the "Union's majority status was established on March 27, when it obtained valid authorization cards from 18 of the 34 [employees] in the bargaining unit." The NLRB affirmed the administrative law judge's rulings, findings, and conclusions and adopted a modified version of his order, changing the date the Union achieved majority status to March 31.

The sole assertion by Michael's Painting in opposition to enforcement is that be-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

cause of this date change, the NLRB erred in certifying the Union as the bargaining agent of the employees because a majority of the employees did not exist on March 31. When the NLRB raises a new issue, *sua sponte,* in its decision, a party should address that issue in a motion for reconsideration before the NLRB so as to preserve it for appeal. *See Woelke & Romero Framing, Inc. v. NLRB,* 456 U.S. 645, 665–66, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982). Because Michael's Painting did not file a motion for reconsideration, its claim is jurisdictionally barred. We therefore **GRANT** the NLRB's petition for enforcement.

It is so **ORDERED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.